# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Case No.  13-CR-170-JED** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MICHAEL COUCH,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

The Court has for its consideration the government's Unopposed Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii), and 3161(h)(7)(B(iv) (Doc. 11). The government asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and to continue this matter to the January 2014 trial docket. Defense counsel agrees that the case should be designated as complex and has no objection to the requested continuance.

On September 3, 2013, an Indictment charged the defendant with one count of embezzlement from a labor organization, in violation of 29 U.S.C. §501(c).[1] The charge against Couch involves an alleged multi-year scheme to defraud the Sheet Metal Worker's Union, Local 27, where he was employed as an officer of the organization. The alleged scheme involved fraudulent use of a debit card on hundreds of occasions at various locations over a several year period. The parties agree that the case is complicated.

---

[1] Section 501(c) provides that "[a]ny person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both."

The government asks the Court to declare this matter a complex case under § 3161(h)(7)(A) and (h)(7)(B)(ii) or, in the alternative, to grant a continuance under (h)(7)(B)(iv) of the Speedy Trial Act.  These sections permit a federal district court to exclude any period of delay resulting from a continuance if the judge granted such continuance on the basis of finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  *Id*.  The statute permits a court to consider whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *Id*. at 3161(h)(7)(B)(iv).  A court may also consider whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  *Id*. at  3161(h)(7)(B)(ii).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted cavalierly.  *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance result in the need for additional time.  *Id*. at 1271.  This requires that the parties provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice

continuance. *Id*. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

As noted, the government, with the defendant's consent, asks the Court to declare this matter a complex case under § 3161(h)(7)(B)(ii) and (iv). The Court has reviewed the government's motion and concludes that the government has provided an adequate record for the Court to rule on this matter without a hearing. The Court finds that, while this case is not one which falls within the ambit of § 3161(h)(7)(B)(ii) – a complex case – it would be unreasonable to expect counsel for the government and for the defendant to review an unusually large volume of documentary discovery (more of which is represented to be forthcoming), draft pretrial motions, and prepare for trial within the time provided under the Speedy Trial Act. The government has produced and will continue to produce to the defense a substantial amount of discovery for defense counsel to review before trial. This case involves numerous transactions, occurring in several states over a period of a few years, and the Court agrees with the government's contention that the essential review of the large volume of discovery already produced, with more expected to be provided over the next several weeks, will be unusually time consuming. In addition, the government points out that this case presents novel legal issues which will likely require significant research on the part of defense counsel to be adequately prepared for motion practice and trial. These legal issues cannot be fully developed until full discovery has been produced and the facts and circumstances of the case are fully investigated.

The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. *Zedner v. United States*, 547 U.S. 489, 501

(2006). The Court finds that strict compliance with the Speedy Trial Act's 70-day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the parties' respective interests in having adequate time to prepare for trial. That interest, in having adequate time to review discovery and prepare for trial, here outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting the requested continuance under § 3161(h)(7)(B)(ii).

**IT IS THEREFORE ORDERED** that the government's Unopposed Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii), and 3161(h)(7)(B(iv) (Doc. 11) is **granted in part and denied in part**. Specifically, the Court does not find this to be a complex case under § 3161(h)(7)(B)(ii), but finds that a continuance under 3161(h)(7)(B(iv) is warranted under the circumstances described herein. All deadlines in the scheduling order (Doc. 9), including the jury trial currently set for November 18, 2013, are stricken. The scheduling order is hereby amended as follows:

| | |
|---|---|
| Motions due: | December 13, 2013 |
| Responses due: | December 20, 2013 |
| PT/CP/Motions Hearing: | January 6, 2014 at 10:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | January 14, 2014 |
| Jury Trial: | January 21, 2014 at 9:30 a.m. |

**IT IS FURTHER ORDERED** that the time between November 18, 2013 and January 21, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED** this 8th day of October, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

4